MICHAEL E. JENKINS, State Bar No. 245116
HARRINGTON, FOXX, DUBROW & CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071-1429
Telephone (213) 489-3222
Facsimile (213) 623-7929
mjenkins@hfdclaw.com

Attorneys for Defendant
STINK INC. L.A. dba THE STINKING ROSE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| LINDA HAMMEL, | Case No. 2:19-cv-5786 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY, 28 U.S.C. §§ 1332, 1441 and 1446); DEMAND FOR JURY TRIAL** |
| vs. | |
| STINK INC. L.A., a California corporation, individually and dba THE STINKING ROSE and DOES 1 to 10, | [Filed Concurrently with Affidavit of Michael E. Jenkins In Support of Notice of Removal; Notice to Adverse Party of Removal to Federal Court; Certificate of Service of Notice to Adverse Party of Removal to Federal Court; Notice of Pendency of Other Actions or Proceedings; Notice of Related Case; Notice of Lodging of State Court Complaint; Certification and Notice of Interested Parties] |
| Defendants. | |

TO THE CLERK OF THE COURT, PLAINTIFF LINDA HAMMEL, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant STINK INC. L.A. dba THE STINKING ROSE hereby removes, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to this Court, the state action described below:

//

I. **BACKGROUND & PROCEDURAL POSTURE**

1. On January 16, 2018, this action was filed in the Superior Court of the State of California in the County of Los Angeles, entitled Linda Hammel v. Stink Inc. L.A., a California corporation, individual and dba THE STINKING ROSE and DOES 1 to 10, bearing Case No. BC690185.  *See Affidavit of Michael E. Jenkins* (hereinafter "Jenkins Affidavit"), ¶2.

2. Plaintiff LINDA HAMMEL'S (hereinafter "Plaintiff") Complaint asserts causes of action against Defendant STINK INC. L.A. dba THE STINKING ROSE (hereinafter "Defendant") for (1) negligence and (2) premises liability, seeking monetary damages allegedly resulting from an injury occurring in the County of Los Angeles on or about October 22, 2016. *See Jenkins Affidavit*, ¶2.

3. The Complaint prays for monetary damages according to proof and as allowed by law for compensatory damages.  The Complaint does not identify Plaintiff's residence or citizenship. *See Jenkins Affidavit*, ¶2.

4. A true and correct copy of the entire state court case file, including the summons and complaint, the civil case cover sheet, and proof of service are collectively attached to *Jenkins Affidavit*, Exhibit "A".

5. Defendant was not served with the summons and complaint until January 5, 2019.  *See Jenkins Affidavit*, ¶3.

6. Defendant filed a responsive pleading in the state court action on February 1, 2019. *See Jenkins Affidavit*, ¶4.   A true and correct copy of the Answer filed and served by Defendant on February 1, 2019 is attached to *Jenkins Affidavit* as Exhibit "B".

7. Along with Defendant's Answer, Defendant simultaneously served initial written discovery requests to Plaintiff.  *See Jenkins Affidavit*, ¶5.  A true and correct copy of the initial set of discovery served upon Plaintiff on February 1, 2019 is attached to *Jenkins Affidavit* as Exhibit "C".

8. Verified responses to initial written discovery were initially due by March 8, 2019.  Plaintiff, through her counsel, contacted Defendant for an extension of time to

respond to initial discovery. On June 14, 2019, Defendant received verified initial discovery responses by Plaintiff. Plaintiff's June 14, 2019 verified responses reveal, for the first time, that Plaintiff's residence is Wisconsin. *See Jenkins Affidavit*, ¶6. A true and correct copy of Plaintiff's verified responses to initial discovery propounded by Defendant is attached, collectively, to *Jenkins Affidavit* as Exhibit "D".

## II.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332:

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.§ 1332, and is one which may be removed to this Court by Defendants, pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.

10. Complete diversity of citizenship exists in that Plaintiff was, and still is, a citizen of the State of Wisconsin, whereas, Defendant is, and has been, a citizen of the State of California. *See Jenkins Affidavit*, ¶6, 7.

11. An individual's citizenship for purposes of establishing jurisdiction is the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Residence is prima facie evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520. Plaintiff's verified response to Form Interrogatories 2.3 and 2.5 revealed that Plaintiff is a Wisconsin resident. *See* Exhibit D of *Jenkins Affidavit*, ¶6.

12. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Defendant is a corporation incorporated in California on or about October 6, 1994 with its principle place of business in California. It has been a citizen of California at all relevant times, including at the time of filing of the Complaint and at the time of this removal. *See Jenkins Affidavit*, ¶7.

13. That Plaintiff's Complaint names DOES as defendants is immaterial for purposes of determining diversity of citizenship. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded . . . and becomes relevant

only if and when the plaintiff seeks leave to substitute a named defendant." 28 U.S.C. § 1441(b). There are no other defendants, other than the immaterial DOES, and, thus, none are required to consent to this removal.

14. While the Complaint itself does not assert an exact amount of damages, and Defendants deny any liability for any sum of damages, the amount in controversy, i.e. the estimate of the total amount in dispute and which is being sought by Plaintiff, is over the jurisdictional limit of $75,000, as will be shown by a preponderance of the evidence described more fully below. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395 (9th Cir. Cal. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. Nev. 1992). In reviewing the totality of the Plaintiff's filings and Plaintiff's initial discovery responses, Plaintiff is seeking monetary damages exceeding the jurisdictional minimum of $75,000. *See Jenkins Affidavit*, ¶8.

15. Indeed, Plaintiff's Responses to Form Interrogatory 6.4 includes the cost of medical treatment incurred as a result of Plaintiff's alleged incident. The aggregate amount provided by Plaintiff is approximately a minimum of $147,146.30, which well exceeds the jurisdictional minimum of $75,000.00. *See Jenkins Affidavit*, ¶9.

16. In addition to Plaintiff's Responses to Form Interrogatory 6.4, Plaintiff served Defendant with a Statement of Damages, signed by Plaintiff's counsel Steve A. Hoffman on December 13, 2018. It lists general damages for Plaintiff in the amount of Three Million Dollars $3,000,000.00, medical and incidental expenses incurred by or on behalf of Plaintiff in the amount of Three Million Dollars $3,000,000.00, and future medical and incidental expenses for Plaintiff in the amount of Three Million Dollars $3,000,000.00. Collectively, Plaintiff's Statement of Damages alleged Nine Million Dollars $9,000,000.00 in damages. *See Jenkins Affidavit*, ¶10. A true and correct copy of Plaintiff's Statement of Damages is attached to *Jenkins Affidavit* as Exhibit "E".

17. Plaintiff's Statement of Damages combined with Plaintiff's produced medical bills provided in response to Form Interrogatory 6.4 confirms that the amount in controversy well exceeds the jurisdictional minimum of $75,000.00. *See Jenkins*

*Affidavit*, ¶9, 10.

18. Accordingly, all the prerequisites for removal based upon diversity have been met. Complete diversity exists between the parties, and the amount in controversy exceeds the jurisdictional minimum.

## III. PROCEDURAL REQUIREMENTS:

19. As this action is currently pending in the Superior Court in and for the County of Los Angeles, this Court, the Western Division of the Central District of California, which covers Los Angeles County, is the proper forum for this action upon removal. 28 U.S.C. § 1441(a).

20. This Notice of Removal is timely, as it is being filed within thirty (30) days after receipt by Defendant of new information warranting removal, pursuant to the time period set out in 28 U.S.C. § 1446(b)(3). Defendant received Plaintiff's verified responses to initial discovery on June 14, 2019, finally revealing that Plaintiff was at the time of the incident, at the time of the commencement of the action, and at the time of this Notice of Removal, a resident of Wisconsin. *See Jenkins Affidavit*, ¶6.

21. Although this Notice of Removal surpasses the one (1) year commencement date, Plaintiff acted in bad faith in order to prevent Defendant from removing the action within the one (1) year commencement date. Indeed, Plaintiff filed her Complaint on January 16, 2018 but waited almost an entire year to serve initiation documents upon Defendant. *See Jenkins Affidavit*, ¶2, 3. This delay in service is in direct violation of California *Rules of Court* Rule 3.110, which requires service of complaints and proofs of service of such to be filed with the court within sixty (60) days after filing of the complaint. Instead of serving Defendant and filing the proof of service by March 2018, Plaintiff waited almost an entire year after filing her complaint to effectuate service. Indeed, Plaintiff's violation of California *Rules of Court* Rule 3.110 is a prima facie showing of bad faith on part of Plaintiff. Even when Defendant was served with the summons and complaint on January 5, 2019, the documents were void of any indication that Plaintiff was not a resident of California. *See Jenkins Affidavit*, ¶2.

22. No pleadings, process or orders, other than those attached to the supporting *Jenkins Affidavit*, have been served on Defendant. Therefore, no other pleadings, process or orders are attached to this Notice as required by 28 U.S.C. § 1446(a).

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the clerk of the Superior Court of California, County of Los Angeles and written notice is being provided to Plaintiff.

24. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

### IV. CONCLUSION:

25. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and/or oral argument in support of this Notice of Removal.

26. For these reasons, Defendant removes this action now pending in the Superior Court in and for the County of Los Angeles to this Honorable Court, and requests this Court retain jurisdiction for all further proceedings.

Dated: July 3, 2019

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ MICHAEL E. JENKINS
MICHAEL E. JENKINS
Attorneys for Defendant
STINK INC. L.A. dba THE STINKING ROSE

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Defendant STINK INC. L.A. dba THE STINKING ROSE hereby requests a jury trial in the above entitled action.

Dated:  July 3, 2019

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ MICHAEL E. JENKINS
    MICHAEL E. JENKINS
    Attorneys for Defendant
    STINK INC. L.A. dba THE STINKING ROSE